IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-073 |
| | * | |
| REGINALD D. BEALE | * | |

**O R D E R**

Presently before the Court is Defendant's Motion for Credit for Time Served (doc. 455). The Bureau of Prisons, and not this Court, has authority to determine if a defendant should receive credit for time spent in custody prior to the commencement of a federal sentence. See United States v. Nettles, No. 09-00014, 2010 WL 5421340, at *1 (S.D. Ala. Dec. 27, 2010). Such a motion is only properly before this Court pursuant to 28 U.S.C. § 2241 following the exhaustion of administrative remedies within the Bureau of Prisons. United States v. Edwards, 545 F. App'x 891, 893 (11th Cir. 2013) (per curiam).

As Defendant's relief must come through a § 2241 motion, the Court is bound by § 2241's jurisdictional requirements. To raise a claim under § 2241, Defendant must bring his motion in the district of his confinement. Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985) (per curiam). Defendant is currently incarcerated at the Bennettsville Federal Correctional

Institute in Bennettsville, South Carolina, and is thus "outside the jurisdiction of the Southern District of Georgia for habeas corpus purposes." See id. For that reason, Defendant's Motion for Credit for Time (doc. 455) must be **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of May, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA